IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VIDA ROBERTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0439-WS-N |
| | ) |
| ALABAMA PSYCHIATRIC | ) |
| SERVICES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

This matter comes before the Court on plaintiff's Motion to Remand (doc. 3). The Motion has been briefed and is now ripe for disposition.

Plaintiff, Vida Robertson, brought this action against defendants, Alabama Psychiatric Services and Kathryn Ney, in the Circuit Court of Mobile County, Alabama. The Complaint (doc. 1, Exh. A) alleges that Robertson and defendant Ney had a personal friendship and professional relationship (psychiatrist/patient) that spanned nearly two decades. In March 2011, Robertson began working for defendant Alabama Psychiatric Services ("APS") as a psychiatrist, reporting directly to Ney (who was also Robertson's psychiatrist). According to the well-pleaded factual allegations of the Complaint, Robertson and Ney had a falling out in their personal relationship in late 2013, as a result of which Ney "became very distant from the Plaintiff and stopped talking to her," causing Robertson to become "emotionally devastated." (Doc. 1, Exh. A, ¶ 18.) Then, in July 2014, Ney complained to APS of "alleged inappropriate conduct by [Robertson] making false accusations against her." (*Id.*, ¶ 20.) The Complaint alleges that APS's ensuing investigation of Ney's accusations "was woefully inadequate" and wrongfully culminated in the termination of Robertson's employment. (*Id.*) On that basis, Robertson asserts purely state-law claims against both defendants for negligent and wanton hiring, supervision training, retention and failure to investigate; wrongful interference with business and contractual relations; harassment and harassing communications; breach of contract; outrage; invasion of privacy; and defamation.

On August 17, 2016, defendants filed a Notice of Removal (doc. 1) pursuant to which they removed this action to this District Court.  In their Notice, defendants predicated federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332.  To support this contention, defendants maintained that there was complete diversity of citizenship, inasmuch as Robertson "permanently lives and works in North Carolina," defendant APS is an Alabama corporation with its principal place of business in Alabama, and defendant Ney is an Alabama citizen.  (Doc. 1, at 2-3.)  Defendants further posited that the amount in controversy far exceeds the jurisdictional threshold of $75,000 and presented evidence that Robertson's compensation under her APS employment agreement was $16,250 per month, equating to approximately $400,000 in lost wages from the time of Robertson's discharge through the filing of the Notice of Removal.  By all appearances, defendants' Notice of Removal adequately establishes both the complete diversity and amount-in-controversy prongs necessary to support § 1332 jurisdiction.

Notwithstanding the foregoing, plaintiff's Motion to Remand correctly identifies a fundamental flaw in the Notice of Removal.  In particular, the applicable removal statute creates the so-called "forum defendant rule."  By its terms, that rule provides as follows: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) … may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2); *see also Lincoln Property Co. v. Roche*, 546 U.S. 81, 90, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005) ("An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.'") (citation omitted).  The problem for defendants is that they are removing this action solely pursuant to § 1332(a) and have expressly asserted in their Notice of Removal that both APS and Ney are Alabama citizens.  (Doc. 1, at 2-3 ("Defendant APS is an Alabama corporation with its principal place of business in Birmingham, Alabama.  Defendant Ney is a citizen of Alabama.").)  Thus, on its face, the forum defendant rule precludes removal here.[1]

---

[1] To be clear, while plaintiff's Motion to Remand couches her § 1441(b)(2) argument in jurisdictional terms, the forum defendant rule is actually a non-jurisdictional, procedural requirement.  *See Courtney v. BLP Mobile Paint Mfg. Co.*, 2012 WL 5869120, *3 (S.D. Ala. Nov. 19, 2012) (collecting cases and adopting "overwhelming majority view" that noncompliance with forum defendant rule embodied in 28 U.S.C. § 1441(b)(2) is a waivable, non-jurisdictional, procedural defect that must be raised within the 30-day time limit imposed by
(Continued)

In their Response (doc. 5) to the Motion to Remand, defendants do not offer any grounds for avoiding § 1441(b)(2), but simply state that they do not oppose remand of this action.  Given that straightforward application of the forum defendant rule – which plaintiff timely and properly raised here – mandates remand, defendants' non-opposition is both prudent and appropriate.

For all of the foregoing reasons, Plaintiff's Motion to Remand (doc. 3) is **granted**.  This action is hereby **remanded** to the Circuit Court of Mobile County, Alabama for further proceedings.

DONE and ORDERED this 28th day of September, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

§ 1447(c)); *see generally Lincoln Property*, 546 U.S. at 90 n.6 ("Although we have not addressed the issue, several lower courts have held that the presence of a diverse but in-state defendant in a removed action is a 'procedural' defect, not a 'jurisdictional' bar, and that the defect is waived if not timely raised by the plaintiff.").  As with all other procedural defects in removal, noncompliance with the forum defendant rule may be waived by the non-removing party.  Here, however, Robertson timely raised the issue in her Motion to Remand and therefore has not waived it.